UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALTMAN, et al.,<br>Plaintiffs,<br>v.<br>THE HARTFORD, et al.,<br>Defendants. | No. 2:26-cv-00365-DAD-CKD<br><br><u>ORDER GRANTING DEFENDANTS HARTFORD INSURANCE GROUP, INC.'s AND TRUMBULL INSURANCE COMPANY'S MOTION TO DISMISS WITH LEAVE TO AMEND</u><br><br>(Doc. No. 4) |

This matter is before the court on a motion to dismiss plaintiff's complaint brought on behalf of defendants Hartford Insurance Group, Inc. and Trumbull Insurance Company. (Doc. No. 4.) On May 26, 2026, the pending motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 13.) For the reasons below, the court will grant defendants' motion to dismiss with leave to amend being granted.

**BACKGROUND**

On October 30, 2025, plaintiffs filed their original complaint in the Sacramento County Superior Court initiating this civil action. (Doc. No. 1 at 5.) On February 9, 2026, defendants removed the action to this federal court. (*Id.*) In their complaint, plaintiffs allege as follows.

Before November 5, 2023, plaintiff purchased from defendants an umbrella insurance coverage policy ("the Policy") for their vehicles. (Doc. No. 1 at 6.) On November 5, 2023,

plaintiff Michael Altman sustained injuries from a catastrophic accident while on his motorcycle. (*Id.*) Following settlement with two separate insurance companies, plaintiff's attorney sent a written demand to defendants for the policy limits for the November 5, 2023 accident. (*Id.*) On July 2, 2024, defendants sent a letter rejecting plaintiffs' demand on the basis that the Policy was for liability only and did not cover plaintiffs' loss. (*Id.*) Plaintiffs state that they believed that the Policy covered their "uninsured motorist's coverage." (*Id.*)

Based on these allegations, plaintiffs bring the following four claims: (1) breach of contract;[1] (2) breach of the covenant of good faith and fair dealings; (3) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*; and (4) for declaratory relief. (*Id.* at 7–10.) On February 17, 2026, defendants filed a motion to dismiss plaintiffs' complaint. (Doc. No. 4.) On March 18, 2026, pursuant to the stipulation of the parties (Doc. No. 7), the court extended the time for plaintiffs to file their opposition to May 1, 2026. (Doc. No. 8.) On April 29, 2026, plaintiffs filed their opposition to the pending motion to dismiss and on May 11, 2026, defendants filed their reply thereto. (Doc. Nos. 11, 12.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Plaintiffs refer to this cause of action as a breach of contract for failing to perform the duty to defend. (Doc. No. 1 at 7.) However, plaintiffs' claim appears to be that defendants failed to cover the loss to plaintiff Michael Altman caused by his injuries, not by failing to defend plaintiffs in some separate civil action. (*Id.*) Accordingly, the court will treat plaintiffs' claim as one for breach of contract by failing to cover plaintiffs' losses.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

## DISCUSSION

### A. Breach of Contract and of Implied Covenant of Good Faith (Claims One and Two)

Defendants argue that plaintiffs have failed to allege breach of contract because the Policy, which is attached to plaintiffs' complaint (Doc. No. 1 at 12–85), both does not provide underinsured motorist coverage and also contains an explicit exclusion for bodily injury or personal injury to the policyholder or any family member. (Doc. No. 4-1 at 8–9.) Plaintiffs argue that their claim that the policy covers plaintiff Michael Altman's injuries is not "appropriately resolved on a motion to dismiss" because coverage disputes can rely on "extrinsic evidence[.]" (Doc. No. 11 at 7.) Plaintiffs also argue that they had a reasonable belief that an umbrella policy would provide comprehensive coverage, that California Insurance Code § 11580.2 requires clear

exclusion of underinsured motorist coverage in writing, and that California law requires that insurance policies "be interpreted according to the reasonable expectations of the insured[.]" (*Id.* at 7.)

"The interpretation of an insurance policy is governed by state law." *Northfield Ins. Co. v. Sandy's Place, LLC*, 530 F. Supp. 3d 952, 962 (E.D. Cal. Mar. 31, 2021). "In California, the interpretation of an insurance policy is a question of law for the court." *Nunn v. U.S. Liab. Ins. Co.*, No. 3:21-cv-01473-BEN-MDD, 2022 WL 20761739, at *3 (S.D. Cal. Aug. 29, 2022). "The starting point of [insurance] policy interpretation is its express language. If the language is unambiguous, the court need not look further." *Bernstein by Valdez v. Nautilus Ins. Co.*, No. 16-cv-02883-L-RBB, 2017 WL 3149599, at *2 (S.D. Cal. July 25, 2017). "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract." *AIU Ins. Co. v. Super. Ct.*, 51 Cal. 3d 807, 821–22 (1990) (internal citation omitted).

Plaintiffs have provided no authority in support of their assertion that insurance coverage disputes are unable to be resolved at the motion to dismiss stage. Indeed, as noted above, the matter of contract interpretation is a question of law for the court to resolve. Accordingly, the court rejects as unpersuasive plaintiffs' argument that defendants' motion to dismiss is premature.

Defendants argue that the alleged injuries suffered in this case are not covered by the Policy because personal injuries to the policyholder are explicitly excluded from coverage under the policy in question. (Doc. Nos. 4-1 at 9; 12 at 5.) A review of the Policy's section labelled the "Personal Umbrella Liability Policy" (Doc. No. 1 at 36–44) reveals a provision explicitly excluding coverage for "[b]odily injury or personal injury to you or any family member[.]" (Doc. No. 1 at 41.) As one district court has previously summarized:

> "An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." *Nat'l Ins. Underwriters v. Carter*, 17 Cal. 3d 380, 386 (1976). Under California law, an enforceable exclusion or limitation in an insurance policy must be "conspicuous, plain[,] and clear." *Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198, 1204 (2004). As the California Supreme Court has

> held on several occasions, "any exception to the performance of the basic underlying obligation must be so stated as clearly to apprise the insured of its effect." *Id.* It is the insurer's burden to demonstrate that an exclusion or limitation in coverage is both "plain and clear" and "conspicuous." *Id.* An exclusion that is plain and clear is "stated precisely and understandably, in words that are part of the working vocabulary of the average layperson," whereas a conspicuous exclusion is "placed and printed so that it will attract the reader's attention." *Id.* Put more simply, "[t]o be enforceable, a policy provision limiting coverage otherwise reasonably expected under the policy must be so drafted that a reasonable purchaser of insurance would have both noticed it and understood it." *Hervey v. Mercury Cas. Co.*, 185 Cal. App. 4th 954, 966 (2010).

*Northfield Ins. Co.*, 530 F. Supp. 3d at 962–63 (cleaned up) (citations omitted). Here, plaintiffs have not made any argument that they seek coverage under the policy for anything other than a "bodily or personal injury," nor have they argued that the policy's exclusion is not plain, clear, and conspicuous. Nevertheless, the court notes that the exclusion's placement is within a clearly labelled section entitled "Exclusions" and appears to use bold typeface in order to call the reader's attention to the excluded coverage. (Doc. No. 1 at 39–41.)

Plaintiffs argue that they reasonably expected that personal injuries would be covered by an umbrella policy. (Doc. No. 11 at 7.) It is true that, "[w]here there are ambiguities in the Policy's terms, the reasonable expectations of the insured control." *Nunn*, 2022 WL 20761739, at *7 (internal quotation marks and ellipses omitted). However, "[i]f the policy language is clear and explicit, it governs." *Lakatos v. RLI Corp.*, 736 F. Supp. 3d 796, 806 (C.D. Cal. 2024) (internal quotation marks omitted).[2] In opposing the pending motion to dismiss plaintiffs do not argue that the exclusionary language is ambiguous. Therefore, the court rejects their argument that the exclusionary language should be read in light of their reasonable expectations. Accordingly, the court concludes that the Policy on its face does not provide coverage for plaintiffs' alleged injuries.

---

[2] Plaintiffs appear to argue at points in their opposition that external marketing materials or statements by sales representatives to plaintiffs misled them regarding the scope of coverage of their policy. (Doc. No. 11 at 6–7.) However, no facts regarding marketing materials or conversations with sales representatives are alleged in the complaint. (Doc. No. 1 at 5–10.) The court's "review is limited to the complaint[]" in the context of a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and so the court may not consider these assertions. *Lee*, 250 F.3d at 688 (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)).

"In the absence of coverage there can be no breach of contract[.]" *Davis v. Nat'l Interstate Ins. Co.*, 686 F. Supp. 3d 984, 993 (E.D. Cal. 2023). Moreover, "[u]nder California law, 'without a breach of the insurance contract, there can be no breach of the implied covenant of good faith and fair dealing.'" *Id.* (quoting *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir 2008)). Accordingly, the court will grant defendants' motion to dismiss plaintiffs' first and second causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.

**B. UCL (Claim Three)**

Defendants move to dismiss plaintiffs' claim brought pursuant to the UCL based on their contention that plaintiffs have failed to allege unlawful, unfair, or fraudulent business practices. (Doc. No. 4-1 at 9–10.) Plaintiffs argue that they have state a cognizable UCL claim because they have alleged that defendants "engaged in unlawful business practices by selling umbrella policies under false pretenses" and engaged in "fraudulent business practices" by representing that the Policy would cover all vehicle and insurance needs. (Doc. No. 11 at 9.)

California's UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200, *et seq*. "The UCL is a broad remedial statute that permits an individual to challenge wrongful business conduct 'in whatever context such activity might occur.'" *Lozano v. AT&T Wireless Servs., Inc.,* 504 F.3d 718, 731 (9th Cir. 2007) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tele. Co.,* 20 Cal. 4th 163, 181 (1999)). Plaintiffs' complaint appears to attempt to bring a UCL claim under both the unfair and unlawful prongs. (Doc. No. 1 at 9.)

As to the unlawful prong, "[b]y proscribing any unlawful business practice, [the UCL] borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech,* 20 Cal. 4th at 180 (citation and internal quotation marks omitted). "Virtually any law—federal, state or local—can serve as a predicate for an action under [the UCL]." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001). However, "[w]here a plaintiff cannot state a claim under the 'borrowed' law, he cannot state a UCL claim either." *Dawson v. HITCO Carbon Composites, Inc.*, No. 16-cv-7337-

PSG-FFM, 2017 WL 7806618, at *8 (C.D. Cal. Jan. 20, 2017). Because the court has found that plaintiffs have not stated cognizable claims for breach of contract or breach of an implied covenant, the court concludes that plaintiffs have not stated a cognizable UCL claim pursuant to the unlawful prong.

As to the unfair prong, California courts employ three different tests in determining whether a business practice is "unfair" under the UCL: the balancing test, the FTC test, and the public policy test. *See Allen v. Hyland's, Inc.*, No. 12-cv-01150-DMG-MAN, 2016 WL 4402794, at *3 (C.D. Cal. Aug. 16, 2016), *rev'd in part on other grounds sub nom. Allen v. Hylands, Inc.*, 773 F. App'x 870 (9th Cir. 2019); *see also Epperson v. Gen. Motors, LLC*, 706 F. Supp. 3d 1031, 1041–42 (S.D. Cal. 2023) (observing that the Ninth Circuit has recognized at least three tests for determining what constitutes an unfair business practice). However, "regardless of the test, courts [in the Ninth Circuit] have held that where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Hadley*, 243 F. Supp. 3d at 1104–05 (collecting cases); *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (same). Because plaintiffs have not stated a cognizable claim pursuant to the unlawful prong and do not bring a claim pursuant to the fraudulent prong, the court concludes that plaintiffs have not stated a cognizable claim pursuant to the unfair prong of the UCL.[3]

Therefore, the court will also grant defendants' motion to dismiss plaintiffs' third claim brought pursuant to the UCL.

**C. Declaratory Relief (Claim Four)**

Plaintiffs argue that declaratory relief is an appropriate claim in this action because they have alleged a case of "actual controversy" as required by 28 U.S.C. § 2201(a). (Doc. No. 11 at 10.) However, as this court has previously explained, "declaratory relief is a remedy, not a

---

[3] The court notes that plaintiffs allege in conclusory fashion in their complaint that defendants' fraudulent act was selling a policy that plaintiffs were "led to believe" would provide greater coverage than that which defendants now contend. (Doc. No. 1 at 9.) However, plaintiffs have alleged no facts in support of this conclusory statement.

freestanding cause of action, and Plaintiffs' action for declaratory relief survives only to the extent that Plaintiffs' other causes of action state a claim for relief." *Los Molinos Mut. Water Co. v. Ekdahl*, 695 F. Supp. 3d 1174, 1205 (E.D. Cal. 2023). Because the court has found that plaintiffs have failed to state any cognizable claims, the court will also grant defendants' motion to dismiss plaintiffs' fourth claim for declaratory relief.

**D. Leave to Amend**

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

Plaintiffs request leave to amend in the event that the court identifies any pleading deficiencies in their complaint. (Doc. No. 11 at 12.) Defendants argue that plaintiffs have not identified any facts or documents that would negate the exclusion of coverage for the alleged injuries suffered and, accordingly, any amendment of the complaint would be futile. (Doc. No. 12 at 9.) As noted above, plaintiffs repeatedly assert that they are aware of additional facts regarding marketing materials or their conversations with insurance sales representatives that support their contention that they were misled when purchasing the Policy. (Doc. No. 11 at 7–11.) Although the court is uncertain that plaintiffs' assertions in this regard would support a cognizable claim or claims, out of an abundance of caution the court will grant plaintiffs leave to amend their complaint against defendants.

**CONCLUSION**

For the reasons above,

1. Defendants Hartford Insurance Group, Inc. and Trumbull Insurance Company's motion to dismiss (Doc. No. 4) is GRANTED, with leave to amend; and

2. Plaintiffs shall file their first amended complaint, or alternatively a notice of their intent not to do so, within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

Dated: **August 6, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE